RECEIVED
WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 18 / 10 / 05

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARK CHEATHAM | CIVIL ACTION NO. 05-0900-M |
| VS. | SECTION P |
| THOMAS C. CALOGERO, ET AL | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the Petition for Damages of *pro se* plaintiff Mark Cheatham filed *in forma pauperis* on May 18, 2005. Cheatham is apparently an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is presently incarcerated at the Riverbend Detention Center in Lake Providence, Louisiana. He names Thomas C. Calogero, an Attorney from New Orleans, and Calogero's professional liability insurer as defendants claiming that Calogero is liable for legal malpractice and negligence arising from Calogero's representation of plaintiff in a criminal trial and in a related asset forfeiture proceeding in Louisiana's Thirty-second Judicial District Court, Terrebonne Parish.[1]

### LAW AND ANALYSIS

When a prisoner is permitted to file suit *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who

---

[1] Plaintiff claims, "That the mistakes and omissions of actions and inactions of defendant... amounts to a breach of fiduciary duties and malfeasance that has caused plaintiff grievous harms, loss of liberty, loss of properties, deprivations of liberty and property without the "due process" of law, and defendant is liable for damages pursuant to tort liability laws of these United States." [Doc. 1, paragraph 8]

is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

While *pro se* pleadings are construed liberally, a *pro se* plaintiff still bears the burden "to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure." *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D.Tex.1990). It does not appear that the jurisdiction of the federal courts has been properly invoked; the complaint

alleges neither federal question jurisdiction nor jurisdiction founded upon diversity of citizenship.

To the extent that plaintiff's complaint arises under 42 U.S.C. § 1983, it clearly fails to state a claim for which relief may be granted. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*" *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, supra, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). While plaintiff's allegation that he was deprived of liberty and property without due process arguably states a claim for relief, his claim that the deprivation was the result of the action or inaction of his retained counsel obviously does not. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See *Mills v.*

*Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988). Further, plaintiff complains that his attorney "...is liable by way of negligence and legal malpractice..." [Doc. 1, paragraph 3]; that he "...was negligent and is liable for damages...." because he failed to file appropriate motions, etc. [Doc. 1, paragraph 5, 6, and 7], and "[t]hat the mistakes and omissions of actions and inactions of defendant complained of and foresaid [sic] herein, further amounts to a breach of fiduciary duties and malfasance [sic]..." [Doc. 1, paragraph 8] However, negligence does not give rise to a cognizable constitutional claim under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 332-36, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

In short, to the extent that plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted and is frivolous.[2] Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

---

[2] Plaintiff cannot claim that this court has jurisdiction by virtue of the provisions of 28 U.S.C. §1332 because he does not allege that he or the defendant are citizens of different states.

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of __August__, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE